IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COSME TARANGO, ) | No. CV-F-08-975 OWW |
| ) | (No. CR-F-06-239 OWW) |
| ) | |
| ) | ORDER DIRECTING PETITIONER |
| Petitioner, ) | TO FILE AMENDED MOTION TO |
| ) | VACATE, SET ASIDE OR CORRECT |
| vs. ) | SENTENCE PURSUANT TO 28 |
| ) | U.S.C. § 2255 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| ) | |

On July 7, 2008, pursuant to the "mailbox rule," Petitioner Tarango Cosme filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Petitioner was charged with conspiracy to possess with intent to distribute a controlled substance and aiding and abetting, possession of a controlled substance with intent to distribute and aiding and abetting, and use of a communication facility in the commission of a drug trafficking offense. Pursuant to a written Plea Agreement, Petitioner pleaded guilty to use of a communication facility in the commission of a drug

1

trafficking offense.  The Plea Agreement specifically provided:

    2.   <u>Agreements by the Defendant</u>.

    ...

    (d) The defendant agrees not to move for any downward departure that will result in a sentence of less than 48 months.

    (e) The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal his conviction or any sentence which is in accordance with the maximum provided in the statute(s) of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement.  The defendant also waives his right to challenge his conviction, sentence or the manner in which it was determined in any post-conviction attack, including but not limited to a motion brought under Title 28, United States Code, Sections 2241 or 2255.

Petitioner was sentenced on April 30, 2007 to 48 months incarceration.  Petitioner did not file a Notice of Appeal.

    Petitioner contends that he was denied the effective assistance of counsel because (1) "defense counsel misrepresented and misadvised the plea to defendant about the condition of his plea bargain when specifically enquired [sic] by defendant, in as much as counsel knew that defendant's whole behaviour [sic] and guilty plea was structured to avoid a plea agreement that would not result in a long sentence or prison time" and (2) defense counsel failed to argue for a downward departure as a consequence of Petitioner's status as a deportable alien.  Petitioner further

asserts that he is entitled to a downward departure for post-conviction rehabilitation pursuant to U.S.S.G. § 5K2.19.

Section 2255 provides that a one-year period of limitation applies to a Section 2255 motion, which limitation period runs from the latest of:

> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Applicable here is Section 2255(1). In *Calderon v. U.S. Dist. Court for Central Dist. of Cal.*, 128 F.3d 1283 (9th Cir. 1997), *cert. denied*, 522 U.S. 1099 and 523 U.S. 1061 (1998), *overruled on other grounds*, 163 F.3d 530 (9th Cir. 1998), the Ninth Circuit held that the one-year limitations period applicable to Section 2255 motions is subject to equitable tolling. However, the Ninth Circuit further held:

> Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a petitioner's control make it impossible to file a petition on time ... We have no doubt that district judges will take

>seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted.

>Id. at 1288-1289.

Petitioner alleges no facts from which it may be determined that his Section 2255 motion is timely filed or that he is entitled to equitable tolling of the one-year limitation period.

Because it appears from Petitioner's motion that it may be untimely, Petitioner is directed to file within 30 days of the filing date of this Order an amended Section 2255 motion setting forth the grounds upon which he seeks relief and the facts upon which he relies in contending that his motion is timely filed or that he is entitled to equitable tolling.  Failure to timely comply will result in the dismissal of his Section 2255 motion as untimely.

IT IS SO ORDERED.

Dated: __July 23, 2008__            _____/s/ Oliver W. Wanger_____
                                    UNITED STATES DISTRICT JUDGE