IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COSME TARANGO,<br><br>　　　　　Petitioner,<br><br>　　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | No. CV-F-08-975 OWW<br>(No. CR-F-06-239 OWW)<br><br>MEMORANDUM DECISION AND ORDER DISMISSING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AS UNTIMELY, DENYING RELIEF PURSUANT TO 28 U.S.C. § 2241, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT FOR RESPONDENT |

　　On July 7, 2008, pursuant to the "mailbox rule," Petitioner Tarango Cosme filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

　　Petitioner was charged with conspiracy to possess with intent to distribute a controlled substance and aiding and abetting, possession of a controlled substance with intent to distribute and aiding and abetting, and use of a communication

1

facility in the commission of a drug trafficking offense. Pursuant to a written Plea Agreement, Petitioner pleaded guilty to use of a communication facility in the commission of a drug trafficking offense. The Plea Agreement specifically provided:

> 2.  **Agreements by the Defendant**.
>
> ...
>
> (d) The defendant agrees not to move for any downward departure that will result in a sentence of less than 48 months.
>
> (e) The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal his conviction or any sentence which is in accordance with the maximum provided in the statute(s) of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. The defendant also waives his right to challenge his conviction, sentence or the manner in which it was determined in any post-conviction attack, including but not limited to a motion brought under Title 28, United States Code, Sections 2241 or 2255.

Petitioner was sentenced on April 30, 2007 to 48 months incarceration. Petitioner did not file a Notice of Appeal.

Petitioner contends that he was denied the effective assistance of counsel because (1) "defense counsel misrepresented and misadvised the plea to defendant about the condition of his plea bargain when specifically enquired [sic] by defendant, in as much as counsel knew that defendant's whole behaviour [sic] and guilty plea was structured to avoid a plea agreement that would

2

not result in a long sentence or prison time" and (2) defense counsel failed to argue for a downward departure as a consequence of Petitioner's status as a deportable alien.  Petitioner further asserts that he is entitled to a downward departure for post-conviction rehabilitation pursuant to U.S.S.G. § 5K2.19.

Section 2255 provides that a one-year period of limitation applies to a Section 2255 motion, which limitation period runs from the latest of:

> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Applicable here is Section 2255(1).  In *Calderon v. U.S. Dist. Court for Central Dist. of Cal.*, 128 F.3d 1283 (9th Cir. 1997), *cert. denied*, 522 U.S. 1099 and 523 U.S. 1061 (1998), *overruled on other grounds*, 163 F.3d 530 (9th Cir. 1998), the Ninth Circuit held that the one-year limitations period applicable to Section 2255 motions is subject to equitable tolling.  However, the Ninth Circuit further held:

> **Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a petitioner's control make it impossible to file a petition on time ... We have no doubt that district judges will take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted.**

**Id. at 1288-1289.**

**Because Petitioner alleged no facts from which it may be determined that his Section 2255 motion is timely filed or that he is entitled to equitable tolling of the one-year limitation period, Petitioner was directed to file an amended Section 2255 motion within 30 days of July 24, 2008, setting forth the grounds upon which he seeks relief and the facts upon which he relies in contending that his motion is timely filed or that he is entitled to equitable tolling.**

**On August 14, 2008, Joseph H. Lax, attorney for Petitioner, filed an Affidavit in response to the July 24, 2008 Order. Mr. Lax avers:**

> **During May 2008, Ana Tarango, the wife of Cosme Tarango, indicated to my secretary, Irma Silva, that her husband was informed by his fellow prisoner that Mr. Tarango would not receive credit for completion of Life Line, a 500 hour drug program.**
>
> **Numerous calls were placed to three counselors at the California City Correctional Center, each leaving detailed messages.**
>
> **Mr. Chappell called my secretary and indicated that Mr. Tarango would not receive credits for completion of the drug program because he is in the United States illegally.**

4

> I sent a letter to Mr. Chappell, and received a written response indicating that Mr. Tarango is confined pending an immigration hearing which prevents him from being considered for halfway house treatment, until his hearing is completed. If it is determined at the hearing that Mr. Tarango is to be deported, Mr. Tarango is ineligible under Title 18 USC 3621, to receive a year off his sentence. 'Furthermore, the drug program at this facility does not meet the criteria for the BOP's 500 hour drug program.'

Attached to Mr. Lax's declaration is a copy of a letter dated June 12, 2008 to Mr. Lax from J.F. Sugrue, Warden of the California City Correctional Center.

Mr. Lax's declaration is unresponsive to the July 24, 2008 Order. The declaration does not pertain to the claims for relief asserted by Petitioner in his Section 2255 motion and does not set forth any facts from which it may be inferred that Petitioner's Section 2255 motion was timely filed or that Petitioner is entitled to equitable tolling. Because Petitioner failed to comply with the July 24, 2008 Order, his Section 2255 motion is dismissed as untimely.

It appears from Mr. Lax's declaration that Petitioner is not challenging the legality of his conviction and sentence but, rather, the execution of his sentence.

A federal prisoner challenging the manner, location, or conditions of his sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district court for the district in which the petitioner is confined. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (9th Cir.1998); *United*

1  *States v. Giddings*, 740 F.2d 770, 771-772 (9th Cir.1984); *Brown*
2  *v. United States*, 610 F.2d 672, 677 (9th Cir.1980).

3  Because Petitioner is serving his sentence at the California City Correctional Center, which is located in the Eastern District of California, this Court has jurisdiction to consider Petitioner's challenge to the execution of his sentence.

7  Petitioner is not entitled to relief even if his petition is construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The Ninth Circuit unequivocally holds that the denial by the BOP of sentence reduction or release to half-way house incarceration to inmates who are deportable aliens does not violate the Constitutional or statutory rights of those inmates. *McLean v. Crabtree*, 173 F.3d 1176, 1183-1186 (9th Cir.1999), *cert. denied*, 528 U.S. 1086 (2000).

15  For the reasons stated:

16  1.  Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DISMISSED as untimely;

18  2.  Petitioner's challenge to the execution of his sentence pursuant to 28 U.S.C. § 2241 is DENIED;

20  3.  The Clerk of the Court is directed to enter JUDGMENT FOR RESPONDENT.

22  IT IS SO ORDERED.

23  Dated:   **August 21, 2008**            /s/ Oliver W. Wanger
                                            UNITED STATES DISTRICT JUDGE

6